Andrew McLain, J.,
delivered the opinion of the Court.
The prisoner was indicted in the Criminal Court of Memphis for stealing a mule, was convicted and sentenced to confinement in the penitentiary for ten years; and he has appealed to this Court.
The territorial jurisdiction of the Criminal Court of Memphis embraces the 5th, 13th and 14th Civil Districts of Shelby County: Code, section 119.
It is not controverted that the mule was stolen in Shelby County outside the.5th, 13th and 14th Civil Districts, and that the prisoner carried the mule within these districts; and the only question submitted for the determination of this Court, is, whether, upon this state of facts, the Court which tried the case had jurisdiction of the offense?
It is a principle of the common law, that if goods be stolen in one county and carried by the thief into another county he may be indicted for the larceny in either county. This rule of the common law has always been recognized by the Courts of this State, and is sanctioned by legislative enactment.
Section 4978 provides that, when property is stolen in one county and brought into another, the jurisdiction is in either county.
There is conflict of authority upon the question of ju *333 risdiction where property stolen in one State is carried by the thief into another State.
In some of the States of this Union, viz.: Massachusetts, Connecticut, 'Vermont, Ohio, Maine, and Mississippi, and perhaps others, it has been held that the thief is liable to indictment in the State into which he carries goods which he had stolen in another State.
In New Jersey, Pennsylvania, North Carolina, Indiana, and Louisiana, the law was held differently.
The rule was by this Court, also held to be, that the thief was not liable to indictment here when the goods were stolen in another State and brought into this State, but has since been changed by legislation: Simpson vs. State, 4 Hump., 456; Code, section 4977.
We are not apprised of any legislation controling the question involved in the present case. But the question we think, admits of an easy solution by reference to the reason of the rule in case where the property is stolen in one county and carried into another, as given in Hale & Hawkins’ Pleas of the Crown.
In 1 Hale Pl. Cr., 507, the reason of the rule is stated thus:
“But if A steal the horse of B, and after C steal the same horse from A, in this case, C is a felon both as to A and as to B, for by the theft by A, B lost not his property nor in law the possession of his horse or other goods, and therefore, in that case, A may be appealed of felony by B or indicted of felony quod cepit et asportant the horse of B. And that is the reason that if A steals the goods of B in the county of C and carry them into the county of D, A may be in- *334 dieted for larceny in the county of D, for the continuance of the asportation is a new caption.”
In Hawkins’ Pl. Cr., book 1, ch. 33, sec. 5, the reason is given thus:
“It is certain that he who steals my goods in the county of B and carries them to the county of C may be indicted or appealed in the county of C as well as that of B, because the possession still continuing in me every moment’s continuance of the trespass is as much a wrong, and may come under the word cepit as much as the first taking.”
The reason of the rule here given by both these authors, it is seen, is, that the possession of the thief being illegal, the constructive possession remains with the owner, and hence every moment of the continuous as-portation is a new taking from the owner, and hence the thief commits the offense in every county into which he carries the goods.
Now, section 119 of the Code, which establishes the Criminal Court which tried the person, is in these words: “ The fifth, thirteenth and fourteenth civil districts of the county of Shelby, shall constitute a Criminal Judicial District, with a court having exclusive original jurisdiction of crimes and offenses committed within the same.”
Section 4250:
“The Criminal Courts for the counties of Rutherford, Davidson and Montgomery, and the Criminal Court of Memphis,, have all the jurisdiction given • to the Circuit Courts, for trial and punishment of crimes and offenses against the State, within their respective' limits, to the *335 exclusion of the Circuit Courts, except so far as it is otherwise expressly provided.”
How, applying the reason of the rule as given by Hale and Hawkins, in the case where the thief steals goods in one county and carries them into another, to the present case, and we cannot perceive why the same reason will not apply with equal force when the goods are stolen in Shelby County, outside the fifth, thirteenth and fourteenth Civil Districts, and carried by the thief within those districts.
The mule continued in the constructive possession of the owner, and every moment of the continuous asportation by the prisoner, he was, in contemplation of law, taking the mule’ from the owner, and the mule having been brought within the limits of these Civil Districts, there can be no doubt that the Court had jurisdiction of the offense.
Let the judgment be affirmed.